UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                          Case Nos.:   3:08cr87/MCR
                                                         3:12cv160/MCR/CJK

DANTE JAMON WALKER
_____/

# REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 112), to which the Government has responded in opposition. (Doc. 132). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

# PROCEDURAL BACKGROUND[1]

Defendant was charged on September 16, 2008, in a two count indictment with conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base ("Count One") and possession with intent to distribute five grams or more of cocaine base on a date certain ("Count Two"). (Doc. 1). The Government filed a notice of enhancement information indicating its intent to seek enhanced penalties due to Defendant's prior state felony drug conviction. (Doc. 16).

Defendant was initially represented by Robert A. Dennis, Jr., of the Federal Public Defender's office. Mr. Dennis filed a motion, to suppress evidence seized from a warrantless search of Defendant's residence, noting that law enforcement did not procure a warrant until several hours after entering the residence. (Doc. 18). After conducting a hearing and reviewing the parties' supplemental briefs, the court denied the motion. (Docs. 24–26, 33).

Assistant Federal Public Defender Thomas S. Keith assumed responsibility for Defendant's case after the denial of the motion to suppress. Defendant proceeded to trial, and a jury convicted him on both counts. (Doc. 50). The court denied the defense motion for judgement of acquittal. (Docs. 48, 49).

The probation office prepared a Presentence Investigation Report ("PSR"), which was disclosed to the defense on May 5, 2009. (Doc. 60).[2] Defendant was held accountable for 3102.38 kilograms of marijuana, which corresponded to a base level of 34. After a two level upward adjustment for use of a minor in the commission of

---

[1] Detailed statements of facts describing the offense conduct are set forth in the Government's memorandum (doc. 132) and in the Presentence Investigation Report and will be set forth herein only as necessary.

[2] The actual PSR is not part of the electronic record in this case.

the offense, his total offense level was 36. (PSR ¶¶ 25–32). Defendant qualified as a career offender under § 4B1.1 due to his two prior convictions, and his total offense level became 37. (PSR ¶¶ 33–34). As a career offender, Defendant's criminal history category was automatically VI, but he independently had sufficient points to qualify. (PSR ¶ 51). The applicable guidelines range was 360 months to life.

The defense objected to the quantity of drugs attributed to Defendant and to the use of a minor adjustment, although conceding that Defendant's career offender status trumped those issues. (Doc. 97 at 2–3). The defense also preserved an objection that the application of the different minimum mandatory sentences for crack and powder cocaine violated due process and equal protection. (*Id.* at 5–6). The court rejected these arguments, as well as the suggestion that Defendant's two prior convictions were not properly considered predicate offenses. (*Id.* at 12–13). Defendant affirmed that these convictions were his, and the court sentenced him to the mandatory term of life imprisonment on Count One and a concurrent term of 360 months on Count Two. (*Id.* at 12, 15; docs. 72, 73).

Defendant appealed, challenging only the district court's denial of his motion to suppress. (Doc. 106). The Eleventh Circuit found that exigent circumstances justified law enforcement's warrantless search into Defendant's home, and affirmed his conviction. (*Id.*). The Supreme Court denied Defendant's petition for a writ of certiorari. (Doc. 109).

Defendant timely filed the instant motion on March 26, 2012, (doc. 110 at 13), and it is his amended motion (doc. 112), filed pursuant to court order, that is now

before the court.³  In the present motion, Defendant separates his claims into five grounds for relief which contain a total of twenty-one sub-parts.  Defendant asserts that his attorneys were constitutionally ineffective before, during and after trial, including on appeal, and that an intervening change in the law renders his sentence invalid.  The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

<u>General Standard of Review</u>

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

---

³ This history of delays in this case is set forth in detail in the court's order of September 13, 2013.  (Doc. 136).  In July of 2014, the court denied Defendant's motion for leave to further amend his amended § 2255 motion to add additional claims.  (Docs. 138, 147).

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n. 14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor

external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d, 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d

1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.

*Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so

manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore*, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada*, 941 F.2d at 1559; *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

Here, Defendant has advanced no factual allegations to support his generalized claims of ineffective assistance of counsel and Constitutional violations. The motion is, thus, facially insufficient. Nevertheless, the undersigned will examine the bare claims for relief in light of the controlling law.

Ground One

In Defendant's first ground for relief he asserts that counsel's representation was constitutionally ineffective pretrial.[4] Defendant identifies four alleged deficiencies in counsel's performance. Counsel allegedly (1) failed to properly explain the true risks associated with proceeding to trial versus pleading guilty; (2) failed to explain the true elements and burden of proof for Count One; (3) failed to conduct investigation and interviews with witnesses who were present during the search; and (4) failed to properly argue the motion to suppress.

Defendant's allegations are conclusory and unsupported, and he fails to establish how he was prejudiced by any of counsel's alleged failings, as required by *Strickland*. *Boyd*, 697 F.3d at 1333–34; *Garcia*, 456 F. App'x at 807 (citing *Yeck*, 985 F.2d at 542); *Wilson*, 962 F.2d at 998; *Tejada*, 941 F.2d at 1559. With respect to his first two assertions, the court notes that Defendant does not claim that he would have pleaded guilty if counsel had properly explained this information to him. A defendant who asserts that ineffective advice led him to reject a plea offer and proceed to trial must show that but for ineffective assistance of counsel, he would have accepted the plea, and that the conviction or sentence or both under the terms of the plea offer would have been less severe than under the judgement and sentence that were imposed. *Ladler v. Cooper*, 132 S.Ct. 1376, 1385 (2012). Defendant can show neither. First, Defendant maintained his innocence throughout this case (*see* PSR ¶ 23), and there is nothing in the record to suggest that he would have been willing to enter a guilty plea. Furthermore, because of Defendant's criminal history

---

[4] Defendant's claims encompass the performance of two different lawyers. For the sake of simplicity, the court will reference "counsel" in the singular in its discussion of Defendant's claims.

and the quantity of controlled substances involved in the offense conduct, he was subject to a statutory mandatory minimum life sentence regardless of whether he pleaded guilty or proceeded to trial. Defendant did not display any interest in cooperation, which would have been the only way for him to avoid the mandatory life sentence in his case. The Government noted at sentencing that Defendant had refused to cooperate with law enforcement, even after his conviction at trial. (Doc. 97 at 11–12). Thus, Defendant has not shown prejudice with respect to either his first or second assertion of error.

In Defendant's third assertion of pre-trial error, that counsel failed to interview witnesses, he offers no suggestion as to the identity of witnesses whom he believes counsel should have interviewed, the information the witnesses would have provided, or how this information would have altered the outcome of the proceedings. In light of the evidence procured during the search warrant, it is difficult to imagine what credible evidence could have been gleaned from any of the witnesses that would have been of sufficient strength to convince the jury to return a verdict of not guilty. Defendant has not met his burden of showing he was prejudiced by this alleged failing.

Defendant's final assertion of pre-trial error is that counsel failed to "properly" argue the motion to suppress. When counsel's alleged ineffectiveness involves a failure to competently litigate a Fourth Amendment claim, in order to demonstrate actual prejudice, the defendant must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S. Ct. 2574, 2582–83, 91 L. Ed. 2d 305 (1986); *Zakrzewski v. McDonough*,

455 F.3d 1254, 1260 (11th Cir. 2006). There is little doubt that the Government would have been unable to secure a conviction absent the evidence obtained pursuant to the search. However, Defendant's assertion that counsel failed to "properly" litigate this issue is conclusory and unsupported. Defendant has not identified any argument that counsel could or should have made that would altered the district court's ruling on the motion to suppress, and this ruling was unsuccessfully challenged on appeal. In sum, Defendant has not shown he is entitled to relief on any portion of this claim.

<u>Ground Two</u>

In his second ground for relief, Defendant identifies nine alleged constitutional deficiencies in counsel's performance at trial. Defendant claims that counsel failed to: (1) properly challenge the admission of his prior contact with law enforcement; (2) properly challenge the admission of his prior conviction; (3) move for mistrial due to "government misconduct;" (4) challenge expert testimony by unqualified persons; (5) challenge the violation of Defendant's right to confrontation; (6) present requested defenses; (7) call requested witnesses; (8) permit Defendant to testify or explain that Defendant was the only one who could make the decision whether to testify; and (9) properly argue in closing and in Rule 29 motion.

As with Defendant's first ground for relief, Defendant's assertions are conclusory and lacking in factual specifics. Three of Defendant's claims ((1), (2) and (9)) are that counsel failed to "properly" make certain arguments or challenge certain aspects of the case. These assertions are unsupported by any suggestion of how

counsel could have "improved upon" each of the allegedly deficient arguments.[5] The mere fact that counsel was unsuccessful in making certain arguments, does not, without more, direct a finding that counsel's performance was constitutionally deficient.

Defendant has not identified the alleged Government misconduct of which he complains under (2) or the expert testimony that he maintains was given by unqualified individuals under (4). Similarly, he has not explained how he believes his right to confrontation was violated as claimed in (5). Additionally, he has not identified the defenses he wanted counsel to present as set out in (6) or the witnesses he wanted counsel to call under (7). Without factual specifics regarding these claims, the court cannot find that counsel's performance was deficient or that prejudice to Defendant inured as a result.

Defendant's assertion that he is entitled to relief because counsel did not "permit" him to testify or explain his rights is refuted by the record. At the end of the first day of trial, the court directly addressed Defendant to provide him with information concerning the decision whether to testify at trial. (Doc. 95 at 275). The court explained that Defendant had a right to testify and a right not to testify, and informed Defendant that the decision was his alone to make. (*Id*.). The court advised Defendant to consult with his attorney, and told him that even if counsel thought it was in Defendant's best interest not to testify, and he wanted to do so, that Defendant had that right. Finally, the court told Defendant to talk to his lawyer and think over his decision about whether he would like to testify, and said that he could relay his

---

[5] As noted by the Government, counsel did object, but objections were unsuccessful. (*See* doc. 132 at 19–20).

decision the following day. (*Id*. at 275–276). The next morning, counsel informed the court that Defendant had decided not to testify. (Doc. 96 at 2). The court directly addressed Defendant and asked whether that was his decision. Defendant confirmed that it was. At the time, when Defendant had the opportunity to address the court, he did not complain either that counsel did not discuss his rights with him or state that he wished to testify, and counsel was not allowing him to do so. Defendant has failed to establish that counsel's performance was constitutionally deficient.

Finally, the court notes, in light of the abundant evidence presented against Defendant at trial, he has not shown how any of these nine alleged deficiencies, even if proven, would have affected the outcome of the proceedings. Defendant has not shown that he was deprived of a fair trial or that any alleged errors produced an unreliable result at trial. *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). He is not entitled to relief on this ground.

Ground Three

Defendant argues in his third ground for relief that counsel was constitutionally ineffective at sentencing because he failed to argue that Defendant's prior convictions were not qualifying predicate offenses under either § 851 or the career offender enhancement. Defendant may be relying upon faulty memory here, because the sentencing transcript affirmatively reflects that counsel did make this argument. The court acknowledged counsel's argument regarding the predicate offenses and the concurrent nature of the sentences, but found that the convictions identified in paragraphs 46 and 47 of the PSR were "separate and distinct convictions in terms of time, locale, location and also purpose and intent" and occurred two and a half months apart. (Doc. 97 at 13). Defendant's disappointment in, or disagreement with,

the outcome of the sentencing proceeding does not render counsel's performance constitutionally ineffective. Defendant has suggested no basis for invalidating these offenses, and he has not shown that counsel was constitutionally deficient.

### Ground Four

In Defendant's fourth ground for relief, he claims that his sentencing arguments must be sustained in light of the Fair Sentencing Act. The Fair Sentencing Act ("FSA"), which took effect on August 3, 2010, lowered the mandatory minimums applicable to many cases involving cocaine base by increasing the amount of cocaine base needed to trigger the statutory mandatory minimums. The FSA is not retroactively applicable to cases on collateral review and involving defendants who were sentenced before it took effect. *See Fields v. Warden, FCC Coleman-USP 1*, 484 F. App'x 425, 427 (11th Cir. 2012) (distinguishing *Dorsey v. United States*, 132 S.Ct. 2321 (2012), where FSA was applied to defendants whose crimes occurred before the effective date of the Act but who were sentenced after the Act took effect); *United States v. Blewett*, 746 F.3d 647 (6th Cir. 2013) (same); *United States v. Osborn*, 679 F.3d 1193, 1194 n. 1(10th Cir. 2012); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010).

Defendant also asserts that the underlying prior state drug offenses are void due to the unconstitutionality of section 893.13, Florida Statutes. Although Defendant does not cite any cases, he may seek to rely on the Middle District of Florida's opinion in *Sheldon v. Sec'y, Dep't of Corrections*,802 F.Supp.2d 1289 (M.D. Fla. 2011) which held § 893.13, Florida Statutes to be unconstitutional. That decision was overruled by the Eleventh Circuit in *Sheldon v. Sec'y, Dep't of Corrections*, 691 F.3d 1348 (11th Cir. 2012), but not until after Defendant filed his motion, and thus his

misplaced reliance on this case cannot be faulted. Defendant has not offered any evidence or argument to support his assertion that these convictions are invalid, and there is neither a legal nor a factual basis to mount a collateral attack against them in this proceeding. *See, e.g., United States v. Simmons*, 477 F. App'x 662 (11th Cir. 2012); *Daniels v. United States*, 532 U.S. 374 (2001). Defendant is not entitled to relief.

### Ground Five

Defendant claims that counsel was constitutionally ineffective because he failed to raise several issues on appeal. Defendant now asserts that counsel should have argued (1) that the evidence was insufficient to support the verdict; (2) Defendant's prior convictions were not qualifying predicate offenses for career offender purposes; (3) the court erred in allowing testimony regarding Defendant's priors; (4) Defendant's right to confrontation was violated; and (5) Government misconduct resulted in a denial of Defendant's right to a fair trial. Defendant's sixth assertion is that counsel failed to "properly argue" that the court erred in denying his motion to suppress.

Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). However, the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue on appeal if counsel, as a matter of professional judgment, decides not to do so. *Smith v. Robbins*, 528 U.S. 259, 287–88 (2000); *Knowles v. Mirzayance*, 556 U.S. 111, 126–127 (2009); *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983); *Heath v. Jones*, 941 F.2d 1126, 1130–31 (11th Cir. 1991). It is possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it

is difficult to demonstrate in such a situation that counsel's performance was constitutionally ineffective. *Smith*, 528 U.S. at 288 (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome")); *see also Payne v. United States*, 566 F.3d 1276, 1277 (11th Cir. 2009) (citing *Smith*). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Barnes*, 463 U.S. at 751–52. In fact, this is the "hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986). The mere fact that one of the non-appealed issues might have been successful does not preclude a finding that the counsel's performance, which must be judged in its entirety, was effective. *Id.*; *Heath*, 941 F.2d at 1131 (counsel's appellate advocacy must be judged in its entirety); *Reutter v. Secretary for Dept. of Corrections*, 232 F. App'x 914, 917 (11th Cir. 2007) (citing *Heath*).

On appeal, Defendant challenged the district court's denial of his motion to suppress. The Eleventh Circuit concluded that the district court was correct in its determination that there were exigent circumstances justifying the initial warrantless entry into Defendant's residence and affirmed his conviction. (Doc. 106). Defendant fails to explain just what additional arguments appellate counsel could or should have made that would have changed the outcome of the proceeding.

Likewise, although the defense attempt to overturn the district court's ruling on its motion to suppress was unsuccessful, Defendant has not shown that counsel's decision to focus on this likely case-dispositive issue was constitutionally ineffective. Although the relative merit of the other issues Defendant would have liked to raise

on appeal is not necessarily controlling, the court notes that Defendant has failed to establish through his conclusory allegations that any of the other arguments would have had merit, or even what the substance of such longed- for arguments would have been.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has not shown that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit in light of the conclusory nature of his assertions, nor has he established that an evidentiary hearing is warranted.  Therefore Defendant's motion should be denied in its entirety.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may

bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The amended motion to vacate, set aside, or correct sentence (doc. 112 ) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13th day of November, 2014.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** See **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**