UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.  3:08cr87/MCR
              3:12cv160/MCR/CJK

DANTE JAMON WALKER
_____/

**O R D E R**

Pending before the Court is the Magistrate Judge's Report and Recommendation dated November 13, 2014. (Doc. 148). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The Court has considered and determined *de novo* the timely filed objections (doc. 149).

Dante Jamon Walker was convicted by a jury of conspiracy to distribute and possession with intent to distribute fifty grams or more of cocaine base (Count One) and possessing five grams of cocaine base with intent to distribute (Count Two). The Government sought enhanced penalties due to Walker's prior state court felony drug convictions. Based on drug quantity and two prior convictions, Walker's Guidelines range was 360 months to life, and he was sentenced to life imprisonment on Count One, with a concurrent 360-month sentence on Count Two. He appealed, challenging the denial of a pretrial motion to suppress, which the Eleventh Circuit affirmed. *United States v. Walker*, 390 F. App'x. 854 (July 30, 2010).

In his original § 2255 Motion to Vacate, docketed on April 2, 2012 (doc. 110), Walker appended a list of 15 grounds for relief and stated that a memorandum in support would be filed when his institution was released from lockdown status. None was filed. On April 10, 2012. the Magistrate Judge issued an order directing the Clerk to forward Walker a § 2255 form with the case number on it and informing Walker he had 30 days to file the completed form.

Walker timely filed the pending Amended § 2255 Motion to Vacate (doc. 112) *pro se*, with his grounds for relief typed into the form; the form bears Walker's signature, which appears to be the same as on his original motion. The same day, he also filed a motion requesting 30 days to submit a memorandum of law in support, also bearing what appears to be his signature. The motion was granted on May 17, 2012, and the Clerk sent Walker another form to file a second amended motion, with express directions that matters not set forth in the amended motion to vacate would be deemed to have been abandoned. The Second Amended form was never filed and no memorandum of law was filed.

Attorney Kenneth Scott Williamson filed a notice of appearance on behalf of Walker in June 2012, and obtained an extension of time to August 20, 2012, to file a memorandum of law. On that day, Williamson requested another extension, and later another. Five extensions later, the Magistrate Judge understandably decided that this attorney was doing nothing and requested a response from the Government. The Government filed a response to the First Amended Motion to Vacate in February 2013. The Magistrate Judge terminated Walker's attorney for essentially abandoning Walker and provided Walker additional time to reply *pro se* to the Government's response. In September 2013, Walker filed a *pro se* "Notice of Supplemental Authority," citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and requesting a continuance, and the Magistrate Judge granted Walker an additional 60 days to respond. On November 15, 2013, Walker filed his response and asked to amend the motion to vacate to add 16 more claims. According to Walker, his prior attorney had amended his claims and that he, Walker, did not agree with them (he did not assert that the attorney had forged his signature to the amended motion, as he now claims).

The Magistrate Judge denied Walker's motion to amend, finding that 13 of the 16 new claims were time-barred and equitable tolling did not apply, and he also determined that although the remaining claims did relate back, they were similar or identical to claims previously raised. Walker filed a Rule 72(a) objection to the denial of his motion to amend. The undersigned remanded the matter to the Magistrate Judge for clarification because, as to the three remaining claims that could relate back to the original motion, the reason

for the denial of the motion to amend was unclear. On remand, the Magistrate Judge clarified that the motion to amend was denied as untimely.

Regarding the merits of the Amended § 2255 Motion to Vacate, the Magistrate Judge recommended the Court deny the motion, first determining that the motion was facially insufficient because it included only generalized, conclusory, and nonspecific claims of ineffective assistance and constitutional violations, and then nonetheless addressing and rejecting each claim in light of the controlling law.

In his timely objection to the Report and Recommendation, Walker does not challenge the conclusion that the Amended § 2255 Motion included generalized and nonspecific claims. Instead, he argues that the Magistrate Judge erred by overlooking the claims that he had raised in his original motion to vacate. According to Walker, his attorney changed the issues by filing the amended motion and forged his (Walker's) signature on it; Walker argues he did not agree with the amendments and did not abandon the issues he raised in his original *pro se* motion.

The Court finds the objection to be without merit. The Amended § 2255 Motion was filed *pro se* before the attorney made any appearance on Walker's behalf. The Magistrate Judge did not err by "overlooking" the claims of the original motion–the motion had been amended *pro se*, and issues in the original motion that were not raised in the amended motion were properly deemed abandoned, as Walker had been instructed. Moreover, Walker was given ample time to amend and file a supporting memorandum of law; nevertheless, despite having ample time to supplement and raise arguments before the Magistrate Judge's Report and Recommendation was filed, Walker did not assert that his attorney had forged his signature on the amended motion until he filed his objection to this Court. This is reason alone to overrule the objection. However, even assuming the attorney forged Walker's signature on the Amended § 2255 Motion and Walker did not agree with the claims as stated therein, the claims he presented in the original motion to vacate would fail as facially insufficient and unsupported as well because they are equally as conclusory as those in the amended motion.

Having considered the Report and Recommendation, and the objections, the Court finds that the Report and Recommendation should be adopted. Even considering the

claims stated in the original motion (doc. 110), as Petitioner requests, they would fail for the same reasons that the Magistrate Judge rejected the claims of the Amended § 2255 Motion to Vacate, that is, they are conclusory, generalized allegations lacking factual support, and thus, they are legally insufficient.

Accordingly, it is now **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. The amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 112) is **DENIED**.

3. A certificate of appealability is **DENIED**.

**DONE AND ORDERED** this 15th day of July, 2015.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**